UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PEOPLE SOURCE STAFFING PROFESSIONALS LLC** | **CASE NO.  3:20-CV-00801** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ANNA WILLIAMSON ET AL** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On July 17, 2020, the undersigned issued a show cause order asking plaintiff to either voluntarily dismiss *People Source I* or show cause why it is necessary for the court to maintain both *People Source I* and *People Source II*.[1] In response, plaintiff filed a memorandum asking the court to consolidate *People Source I* and *People Source II*. [doc. # 47].

Courts have broad discretion on whether or not to consolidate where there are common questions of law and fact and where consolidation would save time and money. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). As Wright and Miller point out: "[I]t is for the district court to weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2383 at 439 (3rd ed. 2020).

In this case, there would be unnecessary costs and delay in consolidation. The cases are at different procedural postures, and significant time and expense have been spent preparing *People*

---

[1] *People Source I* is the instant lawsuit, originally filed in the United States District Court for the Western District of Oklahoma and transferred to this court. *People Source II* is a similar lawsuit originally filed in this district (*People Source Staffing Professionals, L.L.C. v. Robertson*, No. 19-0430 (W.D. La.)).

1

*Source II* for trial. To require defendants to respond to *People Source I* at this date would be highly prejudicial.

The claim under the Defend Trade Secrets Act ("DTSA") asserted in *People Source I* arises from the same facts as *People Source II*. Plaintiff has not shown cause why *People Source I* should not be dismissed as a redundant and duplicative lawsuit. The undersigned agrees with defendants' suggestion to reserve the right for plaintiff to seek leave to amend and state a claim under the DTSA in *People Source II*.

Accordingly,

IT IS RECOMMENDED that the instant lawsuit be DISMISSED, without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of August 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE